33562. SMITH *v.* NORMAN MOTORS COMPANY.

Decided June 22, 1951.

*J. T. Thomasson,* for plaintiff in error.

*Loeb C. Ketzky, H. T. Quillian Jr.,* contra.

FELTON, J. ██ Under the facts of this case, defendant's alleged conversion as to plaintiff depends on Charlie Smith's conversion. It thus follows that if Charlie Smith was not a converter of the automobile as to plaintiff then defendant could not be a converter of the automobile as to plaintiff. We think that this case hinges on the effect of plaintiff's acceptance, after the institution of this action, of the Ford truck from Charlie Smith for which he received $650. Plaintiff testified as to this: "He turned over a Ford truck. I sold that truck. I did not put a credit on that check. I got $650 for the Ford truck. That was five or six months ago. I received $650 from Charlie Smith on this indebtedness after I filed this bail trover. I have been trying to get my money out of somebody. I was trying to get it. I wanted to collect my money. I had no way to try to get it. I wanted the money and I asked him about it. . . At the time I received the $650 from Charlie J. Smith by reason of the Ford truck, there was no understanding about the bal-

ance. He turned the truck over to me to sell and I sold it and that left a balance of $750. *I mean a balance coming to me on that check.*" (Emphasis supplied.) Properly construing plaintiff's own testimony, we think he took the $650 as part payment on the check leaving a balance due "on that check" of $750. The legal consequence of the taking of the $650 by the plaintiff was to treat the check as a valid and subsisting debt owed him by Charlie Smith, and since the check was used as payment for the automobile, upon acceptance of the money and treating the check as a debt, the title to the automobile passed into Charlie Smith. The passing of the title into Charlie Smith perfected the defendant's title as to the plaintiff. Plaintiff's contention that the acceptance of the money was merely a pro tanto payment and did not affect the status between him and Charlie Smith is without merit. Plaintiff cannot take the inconsistent position of treating Charlie Smith as a debtor for the purchase price of the automobile and as a converter of the automobile at the same time. The defendant having title to the automobile cannot be a converter of the automobile and thus the defendant was not a converter as to the plaintiff. Since the necessary element of conversion was lacking in the suit after the acceptance of the money by the plaintiff, the suit must fail and a verdict for the defendant was demanded.

■ The court erred in charging the jury: "So, Gentlemen, you look to the evidence and see whether or not the plaintiff received the value of this automobile. If the plaintiff has proven that then he would be entitled to recover", because it authorized the jury to find for the plaintiff if the car had not been paid for even though the bill of sale had not been recorded and even though the jury found defendant to be a bona fide purchaser without notice, as defendant contended, and which, from the evidence, the jury was authorized to find. The fact that the court later charged the correct law as to bona fide purchasers does not correct this error as the erroneous charge was not specifically corrected.

■ The court erred in charging: "If you believe on account of the business relationship between defendant and Charles Smith that the defendant knew that Charlie Smith did not have title to this car, then notwithstanding the fact he paid cash

money for it, he would not have clear title to the same." Such charge authorized the jury to find that defendant had notice of the bill of sale reserving title in plaintiff until the check had cleared by the sole reason of business relations between defendant and Charlie Smith. The mere fact that Charlie Smith and defendant had business relations does not show notice to Charlie Smith to be notice to defendant, and this is especially so where the evidence does not show that the elements of such business relations are sufficient to put defendant on actual notice or were sufficient to show that defendant through the exercise of ordinary care could have been put on notice. Nor would the fact that defendant and Charlie Smith were partners in a business partnership, if such was the case, immediately prior to or at the time of the sale of the automobile by Charlie Smith to defendant by and of itself be sufficient to show that defendant had notice. Notice of one partner of the facts surrounding a private transaction of that partner would not alone be notice to the other partner in his private capacity. There was no evidence that plaintiff sold the car through Charlie Smith to a partnership composed of Charlie Smith and defendant.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*